Donald Ray MITCHELL, Appellant,

v.

The State of Texas, Appellee.

Nos. 01–04–00724–CR, 01–04–00725–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 23, 2006.

and findings, which state that the results of retesting of DNA evidence were "not favorable" to appellant. *See* former Tex. Code Crim. Proc. Ann. art. 64.04.[1] Appellant's court-appointed counsel, who has filed a motion to withdraw from representing appellant, has filed an *Anders v. State,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) brief in which he states that no valid grounds for appeal exist and that appellant's appeal is frivolous. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. Appellant's pro se response challenges his appellate counsel's recommendation and directs our attention to alleged discrepancies between the DNA records submitted for retesting at trial and those analyzed on retesting. We affirm.

Donald Ray Mitchell, Rosharon, pro se.

Ted Doebbler, Houston, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, William J. Delmore, III, Assistant District Attorney, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Donald Ray Mitchell, appeals from the trial court's postconviction order

## Background

A jury found appellant guilty of the felony offenses of aggravated sexual assault and aggravated robbery, and appellant was sentenced to life in prison. *See* Tex. Pen.Code Ann. §§ 22.021(a)(2)(C), 29.03(a)(1) (Vernon 2003 & Supp.2005). On May 16, 1996, this Court issued an unpublished opinion affirming appellant's conviction.

On March 19, 2003, court-appointed trial counsel for appellant requested postconviction retesting of the DNA evidence used at appellant's trial.[2] The motion alleged that

1. "After examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding as to whether the results are favorable to the convicted person. For the purposes of this article, results are favorable if, had the results been available before or during the trial of the offense, it is reasonably probable that the person would not have been prosecuted or convicted." Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 4 (emphasis added), *amended by* Act of Apr. 25,

2003, 78th Leg., R.S., ch. 13, § 4, 2003 Tex. Gen. Laws 16, 16 (current version codified at Tex.Code Crim. Proc. Ann. art. 64.04 (Vernon Supp.2005)).

2. Because appellant filed his motion on March 19, 2003, the former provisions of chapter 64 governs his case. *See* Act of May 9, 2003, 78th Leg., R.S., ch 13, § 8, 2003 Tex. Gen. Laws 16, 17. ("A convicted person who submits a motion under Article 64.01 before the effective date of this Act is covered by the law in effect when the motion was submitted,

identity was an issue at appellant's trial and that the State had relied on evidence that allegedly linked appellant to the offenses, specifically, "DNA from the rape victim's vaginal swab and pants" that "was consistent with DNA extracted from [appellant's] blood" in a "sequence found that occurs in one out of every 4,730 people." Appellant's motion requested that the "evidence containing biological material" be "subjected to newer techniques that provide a reasonable likelihood of result[s] that are more accurate and probative than the results of previous tests." *See* Tex. Code Crim. Proc. Ann. art. 64.01(b)(2) (Vernon Supp.2005) (no change from initial enactment).

On November 19, 2003, the State filed a motion for release of evidence for retesting. As recited in the motion, the State had previously recommended, on July 1, 2003, that the vaginal swab presented as evidence at appellant's trial be retested by an independent laboratory. On the same day, the trial court signed an order authorizing release of the requested exhibits to the district attorney's office for transfer to an independent laboratory for retesting. The same order required that the laboratory return the exhibits to the Harris County District Clerk's office after retesting.

When retesting was completed, the State forwarded the laboratory's verified report of completed results and filed a motion requesting findings by the trial court pursuant to former article 64.04. The State's motion stated that the results of testing were "not favorable" to appellant because, on examining DNA from a known blood sample of the complainant, saliva from appellant, and a vaginal smear of the complainant, the DNA profile "obtained from the epithelial fraction of the vaginal smear was a mixture, with the major pro-

and the former law is continued in effect for

file being consistent with the complainant and minor alleles being consistent with [appellant]." The trial court's order recites its findings that the results of the DNA testing "are not favorable" to appellant and that "it is not reasonably probable that, had the DNA testing results been available before or during the trial of the offense, [appellant] would not have been prosecuted or convicted." The trial court certified appellant's right to challenge that order on appeal and appointed counsel to represent appellant on appeal.

### *Anders* Procedure

■ The brief submitted by appellant's court-appointed counsel states his professional opinion that there are no arguable grounds for reversal on appeal and that any appeal would, therefore, lack merit. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and stating why there are no arguable grounds for reversal on appeal. *See Gainous v. State,* 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). The State has waived its opportunity to file an appellee's brief to reply to the arguments presented in appellant's pro se response.

■ When this Court receives an *Anders* brief from a defendant's court-appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether case is "wholly frivolous"); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991)

that purpose.")

(quoting same passage from *Anders* ). In conducting our review, we consider any pro se response that the defendant files to his appointed counsel's *Anders* brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex.Crim.App.2005).

 Our role in this *Anders* appeal, which includes a pro se response by appellant, is limited to determining whether arguable grounds for appeal exist. *Bledsoe*, 178 S.W.3d at 827. If we determine that arguable grounds for appeal exist, we must abate the appeal and remand the case to the trial court to allow the court-appointed attorney to withdraw. *Id.* The trial court must then either appoint another attorney to present all arguable grounds for appeal or, if the defendant wishes, allow the defendant to proceed pro se. *Id.* We do not rule on the ultimate merits of the issues raised by appellant in his pro se response. *Id.* If we determine that there are arguable grounds for appeal, appellant is entitled to have new counsel address the merits of the issues raised. *Id.* "Only after the issues have been briefed by new counsel may [we] address the merits of the issues raised." *Id.*

If, on the other hand, we determine, from our independent review of the entire record, that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion in which we explain that we have reviewed the record and have found no reversible error. *See id.* at 826, 828. The holding that there are no arguable grounds for appeal is subject to challenge by an appellant by a petition for discretionary review filed in the Court of Criminal Appeals. *Id.* at 827 & n. 6.

---

3. Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827 & n. 6

In accordance with *Anders*, 386 U.S. at 744–45, 87 S.Ct. at 1400, and *Bledsoe*, 178 S.W.3d at 826–27, we have reviewed the record, appellant's appointed counsel's *Anders* brief, and appellant's pro se response to that brief and conclude that no reversible error exists. Having reached that conclusion, we affirm the judgment of the trial court and grant appellant's appointed counsel's motion to withdraw.[3]

### Conclusion

We affirm the judgment of the trial court and grant appointed counsel's motion to withdraw.

---

(Tex.Crim.App.2005); *Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex.Crim.App.1997); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex.App.-Houston [1st Dist.] 2000, no pet.).