Opinion issued November 30, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-01017-CR




DAVE LAMON ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1039218




MEMORANDUM OPINION
          A jury found appellant, Dave Lamon Adams, guilty of aggravated robbery, and
the trial court, having found true the enhancement paragraph alleging a prior felony
conviction, sentenced him to 30 years’ confinement. Appellant’s court-appointed
counsel has filed an Anders


 brief, stating that he found no arguable points of error
to raise on appeal and moving to withdraw as counsel. Appellant’s pro se response
challenges counsel’s recommendation. We hold that the appeal is wholly frivolous
and that no reversible error exists. 
Background 
          In the early morning hours of December 23, 2004, James Martindale, the
complaint in this case, was working as a “bouncer” at the West Wind Club when he
was informed by a customer that a man in the club’s parking lot was looking into car
windows. Martindale confronted the man and inquired as to his business in the
parking lot. After a brief exchange of words, the confrontation became hostile, and
the man pulled a knife out of his jacket and began stabbing at Martindale. 
Martindale backed away and called 911 from the cell phone that he was carrying at
the time, but the man instructed him to empty his pockets. When Martindale refused,
the two men “stared at one another for a minute,” and then the man fled on foot. A
club patron followed the man and watched him run into an apartment in a nearby
complex. 
          A police investigation revealed that the apartment the man fled to was leased
to appellant’s girlfriend. In a photo array prepared by the investigating officer,
Martindale tentatively identified appellant as the man whom he had confronted in the
club parking lot. He could not, however, make a positive identification. A live
lineup was later conducted, during which time Martindale positively identified
appellant. Appellant was arrested and charged by indictment with the offense of
aggravated robbery. 
Discussion 
          The appellate brief submitted by appellant’s court-appointed counsel states
that, in his professional opinion, there are no arguable grounds for reversal on appeal
and, as a result, any appeal would lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel’s brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal.


 Id.
          When an Anders brief and a pro se response are filed in this Court, we are
presented with two options. Onofre v. State, 193 S.W.3d 148, 149 (Tex.
App.—Houston [1st Dist.] 2006, no pet.). After reviewing the entire record, we may
determine (1) that the appeal is wholly frivolous and issue an opinion affirming the
trial court’s judgment and explaining that we have found no reversible error or (2)
that there are arguable grounds for appeal and remand the cause to the trial court for
appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824, 826–27
(Tex. Crim. App. 2005); Mitchell v. State, 193 S.W.3d 153, 156 (Tex.
App.—Houston [1st Dist.] 2006, no pet.). If we determine that there are arguable
grounds for appeal, we do not rule on the ultimate merits of those issues. Mitchell,
193 S.W.3d at 156. Rather, appellant is entitled to have new counsel appointed to
address the merits of the issues raised. Id.
          In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400 and Bledsoe,
178 S.W.3d at 826–27, we have reviewed the record, counsel’s Anders brief, and
appellant’s pro se response. We conclude that the appeal is wholly frivolous and that
no reversible error exists. 
Conclusion 
          We affirm the judgment of the trial court and grant counsel’s motion to
withdraw.



 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.