Opinion issued March 15, 2007

 













In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00731-CR






JOHN HARRY BRUNE, JR., Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 920969






MEMORANDUM OPINION

 Appellant, John Harry Brune, Jr., pleaded guilty to the offense of aggravated
sexual assault of a child, and the trial court sentenced him to eight years' deferred
adjudication community supervision. The State later filed a motion to adjudicate
guilt, and the appellant pleaded true to the allegations in the State's motion. The trial
court entered a judgment adjudicating guilt and sentenced appellant to 40 years'
confinement. Appellant's court-appointed counsel has filed an Anders (1) brief, stating
that she found no arguable points of error to raise on appeal and moving to withdraw
as counsel. Appellant's pro se response challenges counsel's recommendation. (2) We
hold that the appeal is wholly frivolous and that no reversible error exists. 

Background 

 In September 2002, appellant was indicted for the offense of aggravated sexual
assault of a child by "unlawfully, intentionally and knowingly [causing] the
penetration of the FEMALE SEXUAL ORGAN of [the Complainant], a person
younger than fourteen years of age and not the spouse of the Defendant . . . ."
Appellant pleaded guilty to the offense without an agreed recommendation for
punishment, and the trial court sentenced him to eight years' deferred adjudication
community supervision. The terms of his deferred adjudication required appellant to,
among other things:

(1) Commit no offense against the laws of this or any other State or
of the United States.


(2) Avoid injurious or vicious habits. [Appellant is] forbidden to use,
possess, or consume any controlled substance, dangerous drug,
marijuana, alcohol or prescription drug not specifically prescribed
. . . by lawful prescription. 


. . .


(4) Report immediately in person, to the Community Supervision
Officer for the 177th District Court on the 3rd day of February,
2003 and continue to report to the Community Supervision
Officer on the 3rd of each month thereafter or as directed by the
Community Supervision Officer for the remainder of the
supervision term unless so ordered differently by the Court.


. . .


(8) Remain within a specified place, to wit: Harris County.
[Appellant] may not travel outside of Harris County, Texas,
unless [he receives] prior written permission from the Court
through [his] Community Supervision Officer. [Appellant] may
not change [his] residence without prior permission from [his]
Community Supervision Officer. [He] must notify [his]
Community Supervision Officer at least seven (7) days prior
to any change of residence. 

. . .

 

(21) [Appellant is] not to have any unsupervised contact with any
minor under the age of seventeen (17) beginning February 3,
2003 for any reason except as specifically permitted by the Court. 
Supervision must be provided by a person that has completed a
chaporone [sic] program. 

 

 Approximately two years into appellant's community supervision sentence, the
State filed a motion to adjudicate guilt, alleging that appellant had violated several
of the conditions of his deferred adjudication. Specifically, the State alleged that
appellant (1) used a controlled substance, namely, marijuana, (2) failed to report to
his Community Supervision Officer, (3) failed to pay several mandatory fees, and (4)
had unsupervised contact with minor children. The State later amended its motion
to include a fifth allegation that appellant changed his residence without notifying his
Community Supervision Officer. Counsel was appointed to represent appellant on
the State's motion. 

 Appellant initially pleaded "not true" to the allegations in the State's motion
to adjudicate. During the hearing on the motion, however, appellant changed his plea
to "true" and agreed to a term of 40 years' confinement. The trial court sentenced
appellant accordingly. Appellant now appeals this sentence. 

Discussion 

 The appellate brief submitted by appellant's court-appointed counsel states
that, in her professional opinion, there are no arguable grounds for reversal on appeal
and, as a result, any appeal would lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel's brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. Id.

 When an Anders brief and a pro se response are filed in this Court, we are
presented with two options. Onofre v. State, 193 S.W.3d 148, 149 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). After reviewing the entire record, we may
determine (1) that the appeal is wholly frivolous and issue an opinion affirming the
trial court's judgment and explaining that we have found no reversible error or (2)
that there are arguable grounds for appeal and remand the cause to the trial court for
appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005); Mitchell v. State, 193 S.W.3d 153, 156 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). If we determine that there are arguable
grounds for appeal, we do not rule on the ultimate merits of those issues. Mitchell,
193 S.W.3d at 156. Rather, appellant is entitled to have new counsel appointed to
address the merits of the issues raised. Id.

 In accordance with Anders, 386 U.S. at 744-45, 87 S. Ct. at 1400 and Bledsoe,
178 S.W.3d at 826-27, we have reviewed the record, counsel's Anders brief, and
appellant's pro se response. We conclude that the appeal is wholly frivolous and that
no reversible error exists. Conclusion 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (3)


 





 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b). 



 
1. 
2. ' 
 ' 
3. 
 
 - --