Opinion issued July 6, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00082-CR






JORGE MONTENEGRO, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 176th District Court

Harris County, Texas

Trial Court Cause No. 1027513






MEMORANDUM OPINION


 A jury found appellant, Jorge Montenegro, guilty of sexual assault of a child,
and, appellant, having pleaded true to the enhancement paragraphs alleging prior
felony convictions for assault on a peace officer and assault-second offender-family
violence, was sentenced to 33 years' confinement. See Tex. Pen. Code Ann. §
22.011(a)(2) (Vernon 2003). Appellant's court-appointed counsel has filed an
Anders (1) brief, stating that he found no arguable points of error to raise on appeal and
moving to withdraw as counsel. Appellant's pro se response challenges counsel's
recommendation. We hold that the appeal is wholly frivolous and that no reversible
error exists. 

Background

 The indictment in the instant case alleges that appellant "unlawfully,
intentionally and knowingly cause[d] the penetration of the FEMALE SEXUAL
ORGAN of [L.P.], hereinafter called the Complainant, a person younger than
seventeen years of age and not his spouse by placing HIS SEXUAL ORGAN in the
FEMALE SEXUAL ORGAN of the Complainant."

 L.P., the 14-year-old complainant, testified that she first met the 25-year-old
appellant while she was at the mall with her cousin. Despite her real age, the
complainant initially told appellant that she was 17 years' old. The complainant
further testified that, three weeks after they met, she and appellant had sexual
intercourse. The complainant indicated that, during intercourse, "[appellant's] penis
was in [her] vagina." The two were subsequently involved in a relationship for a
period of at least three months, during which time, according to the complainant's
testimony, they engaged in consensual sexual intercourse on more than four
occasions. 

 The complainant's mother, Amanda Pace, disapproved of her daughter's
relationship with appellant. Pace testified that, upon first meeting appellant, she
informed him that the complainant was only 14 years' old and asked him not to
contact the complainant. She further testified that she told the complainant that,
because she believed appellant was too old to be talking to a 14-year-old, the
complainant was not to see him. Despite Pace's attempts to end the relationship, the
complainant and appellant maintained contact. When she discovered that the
complainant was skipping school with appellant, Pace got the police and school
officials involved. 

 On May 18, 2005, the complainant did not return home from school, and Pace
again contacted police. Believing that the complainant had run away with appellant,
the police located appellant's apartment and knocked on the door. The complainant
answered the door wearing only a t-shirt and her underwear. She informed police that
appellant had stepped out of the apartment to get something from the vending
machines. When appellant returned, police obtained consent to search the apartment, 
where they found marijuana, a camera, pornography, and condoms. 

 In a tape-recorded statement, taken by police at his apartment, appellant
admitted to having sexual intercourse with the complainant on more than one
occasion. Specifically, he stated that he and the complainant had engaged in sexual
intercourse shortly before the police arrived and that, at that time, he believed the
complainant to be 15 years' old. He alleged that he and the complainant were in love,
but that the relationship was made difficult by the tension between appellant and the
complainant's mother. He also indicated that he was unaware that the complainant
had run away from home and believed the complainant when she told him that her
mother approved and would pick her up from the apartment later. 

Discussion

 The appellate brief submitted by appellant's court-appointed counsel states
that, in his professional opinion, there are no arguable grounds for reversal on appeal
and, as a result, any appeal would lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel's brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. (2) Id.

 When an Anders brief and a pro se response are filed in this Court, we are
presented with two options. Onofre v. State, 193 S.W.3d 148, 149 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). After reviewing the entire record, we may
determine (1) that the appeal is wholly frivolous and issue an opinion affirming the
trial court's judgment and explaining that we have found no reversible error or (2)
that there are arguable grounds for appeal and remand the cause to the trial court for
appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005); Mitchell v. State, 193 S.W.3d 153, 156 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). If we determine that there are arguable
grounds for appeal, we do not rule on the ultimate merits of those issues. Mitchell,
193 S.W.3d at 156. Rather, appellant is entitled to have new counsel appointed to
address the merits of the issues raised. Id.

 In accordance with Anders, 386 U.S. at 744-45, 87 S. Ct. at 1400 and Bledsoe,
178 S.W.3d at 826-27, we have reviewed the record, counsel's Anders brief, and
appellant's pro se response. We conclude that the appeal is wholly frivolous and that
no reversible error exists. 







Conclusion 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (3)



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. 
2. ' 
 ' 
3. 
 
 - --