Opinion issued March 20, 2008
 















     

In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00252-CR




PATRICK LUIGI BAYNES, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1074778




MEMORANDUM OPINION

          The jury found appellant, Patrick Luigi Baynes, guilty of possession with intent
to deliver a controlled substance (cocaine) weighing more than 4 grams but less than
200 grams. See Tex. Health & Safety Code Ann. § 481.112(a), (d) (Vernon
2003). The jury also found two enhancement paragraphs to be “true” and assessed
punishment at 50 years in prison.
          Appellant’s court-appointed counsel has filed a motion to withdraw and
submitted a brief indicating that the appeal is without merit and wholly frivolous.
Counsel also stated that, in her professional opinion, this appeal presents no issues
with merit for review. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967). Appellant filed a pro se response, raising the following points: (1) the
evidence is legally and factually insufficient to support his conviction and (2) he
received ineffective assistance of counsel at trial.



          We affirm.
Anders Procedure
          Pursuant to Anders, when court-appointed counsel files a motion to withdraw
and files a brief in which he concludes that there are no arguable grounds for appeal,
we review the record and make an independent determination. See Anders, 386 U.S.
at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not
counsel—determines, after full examination of proceedings, whether case is “wholly
frivolous”); accord Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App. 2005);
Mitchell v. State, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no
pet.). We consider any pro se response appellant may file to the Anders brief, but we
do not rule on the ultimate merits of his response. Bledsoe, 178 S.W.3d at 826-27;
Mitchell, 193 S.W.3d at 155–56. If we determine from our independent review of the
entire record that the appeal is wholly frivolous, we may affirm the trial court’s
judgment by issuing an opinion in which we explain that we have reviewed the record
and have found no reversible error. Bledsoe, 178 S.W.3d at 826–27; Mitchell, 193
S.W.3d at 156.
          If we find arguable grounds for appeal, we abate the appeal, remand the case
to the trial court, and allow the court-appointed attorney to withdraw. Bledsoe, 178
S.W.3d at 826–27; Mitchell, 193 S.W.3d at 156. The trial court then must either
appoint another attorney to present all arguable grounds for appeal or allow the
defendant to proceed pro se if he desires. Bledsoe, 178 S.W.3d at 826–27; Mitchell,
193 S.W.3d at 156.
Analysis
          In this case, the brief filed by appellant’s counsel meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating why
there are no arguable grounds for reversal on appeal. See Gainous v. State, 436
S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant’s counsel indicates that she has
diligently reviewed the record and that, in her opinion, the appeal is without merit and
wholly frivolous. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell, 193
S.W.3d at 154. In so doing, counsel discusses the evidence adduced at the trial,
supplies us with references to the record, and provides us with citation to legal
authorities. Cf. High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978). 
          We have reviewed counsel’s brief and appellant’s pro se response, and we have
conducted an independent examination of the record. See Anders, 386 U.S. at 744,
87 S. Ct. at 1400; Bledsoe, 178 S.W.2d 826–27; Mitchell, 193 S.W.3d at 155. Based
on this review, we conclude that no reversible error exists in the record and that the
appeal is wholly frivolous.
 

Conclusion
          We affirm the judgment of the trial court and grant the motion of appellant’s
counsel to withdraw.






 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).