NO. 07-07-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D
 
MAY 7, 2008
______________________________

JACK LINDSEY JORDAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,671-B; HONORABLE JOHN BOARD, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ. 
MEMORANDUM OPINION
          Appellant Jack Lindsey Jordan appeals his conviction for aggravated robbery


 and
aggravated kidnapping


 and life sentence in prison. His court-appointed appellate counsel
has filed a motion to withdraw and an Anders


 brief. We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.
          According to evidence presented at trial, appellant entered the Amarillo residence
of Dr. Steven Berk through an unlocked door and encountered Dr. Berk in his upstairs
study. Dr. Berk testified appellant trained a shotgun on him and said he needed money.
Dr. Berk gave him $160 but appellant nonetheless ordered Dr. Berk at gunpoint to drive
appellant’s vehicle in search of an ATM machine for more cash. After Dr. Berk told
appellant he did not know the personal identification number required for an ATM
transaction, appellant instructed him to return to the residence. 
          Dr. Berk testified that, when they returned to the residence, he gave appellant some
of his wife’s jewelry and her wallet, after appellant threatened to kill him. Appellant then
drove with Dr. Berk to Bushland, Texas, near Amarillo, where appellant used a credit card
belonging to Dr. Berk to buy fuel. Appellant released Dr. Berk near Bushland with the
warning that he would kill him and his family if he reported the events of that morning to
the police. Dr. Berk flagged down a motorist who allowed him to use her cellphone. He
telephoned law enforcement officials. 
          Evidence showed appellant proceeded west to Albuquerque and then to Arizona,
where he was apprehended after a high-speed chase. Federal Bureau of Investigation
agents testified to the oral statement appellant made to them after receiving a written
Miranda


 warning, in which statement appellant admitted to many of the same facts to
which Dr. Berk testified. 
          The jury found appellant guilty of the indicted offenses, aggravated kidnapping and
aggravated robbery, enhanced by a prior felony. Appellant plead true to the enhancement
paragraph. Following the presentation of evidence at the punishment phase, which
included the lengthy testimony of appellant, the jury assessed punishment at life in prison
and a $10,000 fine on each count. The court denied the State’s motion to cumulate
sentences. The trial court certified appellant’s right to appeal and appellant timely filed a
notice of appeal. 
          In his motion to withdraw and Anders brief, appellant’s court-appointed counsel
certifies he diligently reviewed the record and, in his professional opinion, under the
controlling authorities and facts of this case, no reversible error or legitimate grounds for
predicating a non-frivolous appeal exist. The brief discusses the procedural history of the
case and the proceedings. Counsel discusses five potential appellate issues, explaining
why he finds each without merit. He also certifies that a copy of the Anders brief and
motion to withdraw were served on appellant, along with notice of appellant’s right to
review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645
(Tex.App.–Waco 1994, pet. ref'd). Appellant filed a pro se response to counsel’s Anders
brief.
          When court-appointed counsel files a motion to withdraw and a brief in which he
concludes no arguable grounds for appeal exist, we review the record and make an
independent determination. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (the appellate
court, and not counsel, after full examination of the record, determines whether the case
is “wholly frivolous”); accord, Bledsoe v. State, 178 S.W.3d 824, 826 (Tex.Crim.App. 2005);
Mitchell v. State, 193 S.W.3d 153, 155 (Tex.App.–Houston [1st Dist.] 2006, no pet.). We
consider an appellant’s pro se response to an Anders brief, but we do not rule on the
ultimate merits of the response. See Bledsoe, 178 S.W.3d at 826-27 (an appellant would
be denied meaningful assistance of appellate counsel were the court of appeals to address
and reject the merits of an appellant’s pro se response to an Anders brief); Mitchell, 193
S.W.3d at 155-56. 
          If from our review of the record we find arguable grounds for appeal, we will abate
the appeal, remand the case to the trial court, and allow withdrawal of court-appointed
counsel. Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. The trial court
must then appoint new appellate counsel to present all arguable appellate grounds. See
Bledsoe, 178 S.W.3d at 826-27. Only after new appellate counsel has briefed the issues
may we address the merits of the issues raised. Id. at 827. If we determine from our
independent review of the entire record that the appeal is wholly frivolous, we may affirm
the trial court's judgment by issuing an opinion explaining that we reviewed the record and
found no arguable grounds for appeal. Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193
S.W.3d at 156. An appellant may challenge a court of appeal’s finding of no arguable
grounds for appeal by a petition for discretionary review filed in the Court of Criminal
Appeals. Bledsoe, 178 S.W.3d at 827 & n.6; Mitchell, 193 S.W.3d at 156.
          As noted, in his Anders brief, counsel identifies and discusses five potential issues:
(1) the trial court erred by not suppressing appellant’s oral statement to the FBI; (2) the trial
court erred in failing to grant appellant’s motion for change of venue; (3) appellant was
denied the effective assistance of counsel; (4) the evidence was legally and factually
insufficient to support a conviction; and (5) at the punishment phase of trial the evidence
was insufficient to support a finding of true on the enhancement paragraphs of the
indictment. In his pro se response to counsel’s motion to withdraw, appellant identifies and
discusses five issues: (1) the evidence was factually insufficient to support his conviction;
(2) the trial court committed reversible error by denying his motion to dismiss; (3) the trial
court committed reversible error by admitting photographs of his vehicle; (4) the trial court
committed reversible error by admitting cumulative evidence; and (5) the trial court
committed reversible error by denying his motion for change of venue.
          After considering the brief of appellant’s counsel and appellant’s pro se response,
we have conducted our own review of the record. See Stafford v. State, 813 S.W.2d 503,
511 (Tex.Crim.App. 1991). Our review failed to reveal any arguable grounds for appeal. 
Accordingly, the motion of counsel to withdraw is granted


 and the judgment affirmed.
 
                                                                                      James T. Campbell 

                                                                                                Justice



Do not publish.