NO. 07-07-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 7, 2008
_____

JACK LINDSEY JORDAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18,671-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Jack Lindsey Jordan appeals his conviction for aggravated robbery[1] and aggravated kidnapping[2] and life sentence in prison. His court-appointed appellate counsel has filed a motion to withdraw and an *Anders*[3] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

_____

[1] Tex. Penal Code Ann. § 29.03(a)(2) ((Vernon 2003).

[2] Tex. Penal Code Ann. § 20.04(b) (Vernon 2003).

[3] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967).

According to evidence presented at trial, appellant entered the Amarillo residence of Dr. Steven Berk through an unlocked door and encountered Dr. Berk in his upstairs study. Dr. Berk testified appellant trained a shotgun on him and said he needed money. Dr. Berk gave him $160 but appellant nonetheless ordered Dr. Berk at gunpoint to drive appellant's vehicle in search of an ATM machine for more cash. After Dr. Berk told appellant he did not know the personal identification number required for an ATM transaction, appellant instructed him to return to the residence.

Dr. Berk testified that, when they returned to the residence, he gave appellant some of his wife's jewelry and her wallet, after appellant threatened to kill him. Appellant then drove with Dr. Berk to Bushland, Texas, near Amarillo, where appellant used a credit card belonging to Dr. Berk to buy fuel. Appellant released Dr. Berk near Bushland with the warning that he would kill him and his family if he reported the events of that morning to the police. Dr. Berk flagged down a motorist who allowed him to use her cellphone. He telephoned law enforcement officials.

Evidence showed appellant proceeded west to Albuquerque and then to Arizona, where he was apprehended after a high-speed chase. Federal Bureau of Investigation agents testified to the oral statement appellant made to them after receiving a written *Miranda*[4] warning, in which statement appellant admitted to many of the same facts to which Dr. Berk testified.

---

[4] *See Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

2

The jury found appellant guilty of the indicted offenses, aggravated kidnapping and aggravated robbery, enhanced by a prior felony. Appellant plead true to the enhancement paragraph. Following the presentation of evidence at the punishment phase, which included the lengthy testimony of appellant, the jury assessed punishment at life in prison and a $10,000 fine on each count. The court denied the State's motion to cumulate sentences. The trial court certified appellant's right to appeal and appellant timely filed a notice of appeal.

In his motion to withdraw and *Anders* brief, appellant's court-appointed counsel certifies he diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of this case, no reversible error or legitimate grounds for predicating a non-frivolous appeal exist. The brief discusses the procedural history of the case and the proceedings. Counsel discusses five potential appellate issues, explaining why he finds each without merit. He also certifies that a copy of the *Anders* brief and motion to withdraw were served on appellant, along with notice of appellant's right to review the record and file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). Appellant filed a *pro se* response to counsel's *Anders* brief.

When court-appointed counsel files a motion to withdraw and a brief in which he concludes no arguable grounds for appeal exist, we review the record and make an independent determination. *See Anders,* 386 U.S. at 744, 87 S. Ct. at 1400 (the appellate court, and not counsel, after full examination of the record, determines whether the case

3

is "wholly frivolous"); *accord, Bledsoe v. State,* 178 S.W.3d 824, 826 (Tex.Crim.App. 2005); *Mitchell v. State,* 193 S.W.3d 153, 155 (Tex.App.–Houston [1st Dist.] 2006, no pet.). We consider an appellant's *pro se* response to an *Anders* brief, but we do not rule on the ultimate merits of the response. *See Bledsoe,* 178 S.W.3d at 826-27 (an appellant would be denied meaningful assistance of appellate counsel were the court of appeals to address and reject the merits of an appellant's *pro se* response to an *Anders* brief); *Mitchell,* 193 S.W.3d at 155-56.

If from our review of the record we find arguable grounds for appeal, we will abate the appeal, remand the case to the trial court, and allow withdrawal of court-appointed counsel. *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156. The trial court must then appoint new appellate counsel to present all arguable appellate grounds. *See Bledsoe*, 178 S.W.3d at 826-27. Only after new appellate counsel has briefed the issues may we address the merits of the issues raised. *Id.* at 827. If we determine from our independent review of the entire record that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion explaining that we reviewed the record and found no arguable grounds for appeal. *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156. An appellant may challenge a court of appeal's finding of no arguable grounds for appeal by a petition for discretionary review filed in the Court of Criminal Appeals. *Bledsoe,* 178 S.W.3d at 827 & n.6; *Mitchell,* 193 S.W.3d at 156.

As noted, in his *Anders* brief, counsel identifies and discusses five potential issues: (1) the trial court erred by not suppressing appellant's oral statement to the FBI; (2) the trial

4

court erred in failing to grant appellant's motion for change of venue; (3) appellant was denied the effective assistance of counsel; (4) the evidence was legally and factually insufficient to support a conviction; and (5) at the punishment phase of trial the evidence was insufficient to support a finding of true on the enhancement paragraphs of the indictment.  In his *pro se* response to counsel's motion to withdraw, appellant identifies and discusses five issues:  (1) the evidence was factually insufficient to support his conviction; (2) the trial court committed reversible error by denying his motion to dismiss; (3) the trial court committed reversible error by admitting photographs of his vehicle; (4) the trial court committed reversible error by admitting cumulative evidence; and (5) the trial court committed reversible error by denying his motion for change of venue.

After considering the brief of appellant's counsel and appellant's *pro se* response, we have conducted our own review of the record.  *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  Our review failed to reveal any arguable grounds for appeal. Accordingly, the motion of counsel to withdraw is granted[5]  and the judgment affirmed.

James T. Campbell
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  *See* Tex. R. App. P. 48.4.