NO. 07-07-0208-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 7, 2008
_____

EDWARD W. BARNETT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411833; HONORABLE BRADLEY S. UNDERWOOD, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Edward W. Barnett appeals his conviction for aggravated robbery[1] and sentence of forty years confinement in prison. His appointed appellate counsel has filed a motion to withdraw from representation and an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

---

[1] Tex. Penal Code Ann. § 29.03 (Vernon 2003).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967).

Without a plea agreement for sentencing, appellant plead guilty to robbing EZ Money, a Lubbock cash advance establishment, at gunpoint. The court accepted the plea and ordered a presentence investigation report (PSI). After the community supervision officer prepared the PSI, the court conducted the punishment hearing in appellant's case. At the hearing, the State presented evidence of the robbery to which appellant pleaded guilty and appellant offered mitigation evidence including the testimony of a psychologist. The court then sentenced appellant to confinement for forty years in the Texas Department of Corrections Institutional Division. Appellant filed a motion for new trial, which the court denied, and timely perfected this appeal.

In his motion to withdraw and *Anders* brief, appellant's court-appointed counsel certifies he diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the case, no reversible error or legitimate grounds for predicating a non-frivolous appeal exist. The brief discusses the procedural history of the case including the sentencing hearing. Counsel discusses a potential appellate issue, explaining why he finds it without merit. He also certifies that a copy of the *Anders* brief was served on appellant, along with notice of appellant's right to review the record and file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). Appellant filed a *pro se* response to counsel's *Anders* brief. The State also has filed a brief.

When court-appointed counsel files a motion to withdraw and a brief in which he concludes no arguable grounds for appeal exist, we review the record and make an

independent determination.  *See Anders,* 386 U.S. at 744, 87 S. Ct. at 1400 (the appellate court, and not counsel, after full examination of the record, determines whether the case is "wholly frivolous"); *accord, Bledsoe v. State,* 178 S.W.3d 824, 826 (Tex.Crim.App. 2005); *Mitchell v. State,* 193 S.W.3d 153, 155 (Tex.App.–Houston [1st Dist.] 2006, no pet.).  We consider an appellant's *pro se* response to an *Anders* brief, but we do not rule on the ultimate merits of the response.  *See Bledsoe,* 178 S.W.3d at 826-27 (an appellant would be denied meaningful assistance of appellate counsel were the court of appeals to address and reject the merits of an appellant's *pro se* response to an *Anders* brief); *Mitchell,* 193 S.W.3d at 155-56.

If from our review of the record we find arguable grounds for appeal, we will abate the appeal, remand the case to the trial court, and allow withdrawal of court appointed counsel.  *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156.  The trial court must then appoint new appellate counsel to present all arguable appellate grounds.  *See Bledsoe*, 178 S.W.3d at 826-27.  Only after new appellate counsel has briefed the issues may we address the merits of the issues raised.  *Id.* at 827.  If we determine from our independent review of the entire record that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion explaining that we reviewed the record and found no arguable grounds for appeal.  *Bledsoe,* 178 S.W.3d at 826-27; *Mitchell,* 193 S.W.3d at 156.  An appellant may challenge a court of appeal's finding of no arguable grounds for appeal by a petition for discretionary review filed in the Court of Criminal Appeals.  *Bledsoe,* 178 S.W.3d at 827 & n.6; *Mitchell,* 193 S.W.3d at 156.

In his *Anders* brief, counsel identifies and discusses the potential issue that extraneous misconduct evidence not proved beyond a reasonable doubt was considered by the trial court in assessing punishment. However, counsel concludes pursuit of this issue on appeal would be frivolous, and we agree.

In his *pro se* response to counsel's brief, appellant presents three issues arising from a claimed involuntary plea of guilty and ineffective assistance of trial counsel. On the record presented, we find none of appellant's issues are arguably meritorious.

Having considered the *Anders* brief of counsel and appellant's *pro se* response, and having reviewed the entire record, we agree with appellant's counsel on appeal that this record presents no arguable grounds for appeal. Accordingly, counsel's motion to withdraw is granted[3] and the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. *See* Tex. R. App. P. 48.4.

4