Opinion issued December 18, 2008











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00291-CR




REVAT RENE VARA, Appellant

v.

STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1061075




MEMORANDUM OPINION
          The jury found appellant, Revat Rene Vara, guilty of the third-degree felony
offense of driving while intoxicated (“DWI”).


 After appellant pleaded “true” to two
enhancement paragraphs, the jury assessed punishment at 25 years in prison. 
          Appellant’s court-appointed counsel has filed a motion to withdraw and a brief
pursuant to Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
Appellant filed a pro se response, raising the following points: (1) he received
ineffective assistance of counsel on appeal; (2) he received ineffective assistance of
counsel at trial; and (3) the evidence is legally and factually insufficient to support
his conviction.



          We affirm.
Anders Procedure
          Pursuant to Anders, when court-appointed counsel files a motion to withdraw
and files a brief in which she concludes that there are no arguable grounds for appeal,
we review the record and make an independent determination. See id. (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); accord Bledsoe v. State, 178
S.W.3d 824, 826 (Tex. Crim. App. 2005); Mitchell v. State, 193 S.W.3d 153, 155
(Tex. App.—Houston [1st Dist.] 2006, no pet.). We consider any pro se response
appellant may file to the Anders brief, but we do not rule on the ultimate merits of his
response. Bledsoe, 178 S.W.3d at 826–27; Mitchell, 193 S.W.3d at 155–56. If we
determine from our independent review of the entire record that the appeal is wholly
frivolous, we may affirm the trial court’s judgment by issuing an opinion in which we
explain that we have reviewed the record and have found no reversible error. 
Bledsoe, 178 S.W.3d at 826–27; Mitchell, 193 S.W.3d at 156.
          If we find arguable grounds for appeal, we abate the appeal, remand the case
to the trial court, and allow the court-appointed attorney to withdraw. Bledsoe, 178
S.W.3d at 826–27; Mitchell, 193 S.W.3d at 156. The trial court then must either
appoint another attorney to present all arguable grounds for appeal or allow the
defendant to proceed pro se if he desires. Bledsoe, 178 S.W.3d at 826–27; Mitchell,
193 S.W.3d at 156.
Analysis
          In this case, the brief filed by appellant’s counsel meets the minimum Anders
requirements by presenting a professional evaluation of the record and stating why
there are no arguable grounds for reversal on appeal. See Gainous v. State, 436
S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant’s counsel indicates that she has
thoroughly reviewed the record. Based on this review, counsel states that she “is
unable to find any errors which she, in good faith, can urge warranting a reversal of
this conviction. Counsel is aware that she had a duty to advance arguable grounds
of error.” See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell, 193 S.W.3d at
154. In her Anders brief, counsel discusses the evidence adduced at the trial, supplies
us with references to the record, and provides us with citation to legal authorities. Cf.
High v. State, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978). The brief also reflects
that counsel delivered a copy of the brief to appellant and informed him of his right
to file a response, which he has done. See Stafford v. State, 813 S.W.2d 503, 510
(Tex. Crim. App. 1991). 
          We have reviewed counsel’s brief and appellant’s pro se response, and we have
conducted an independent examination of the record. See Anders, 386 U.S. at 744,
87 S. Ct. at 1400; Bledsoe, 178 S.W.2d 826–27; Mitchell, 193 S.W.3d at 155. Based
on this review, we conclude that no reversible error exists in the record and that the
appeal is wholly frivolous.
 

Conclusion
          We affirm the judgment of the trial court and grant the motion of appellant’s
counsel to withdraw.






 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).