NO. 07-08-0243-CR; 07-08-0244-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 26, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

JERRY RONALD HOLLAND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NOS. 19392-A and 19393-A; HONORABLE HAL MINER, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Through two indictments, appellant Jerry Ronald Holland was charged with eight
counts of indecency with a child.


 A jury convicted him on each count and assessed
punishment at ten years in prison and a $2,000 fine on each count. The court imposed
concurrent sentencing. Appellant timely filed a notice of appeal. His court-appointed
appellate counsel has filed a motion to withdraw from representation supported by an
Anders


 brief. We will grant counselâs motion to withdraw and affirm the judgments of the
trial court.
Â Â Â Â Â Â Â Â Â Â Evidence presented at trial showed appellant, age seventy, improperly touched two
females, then ages six and nine. The victims were cousins of appellantâs granddaughter. 
The evidence included appellantâs written statement to police and a recorded interview with
an officer, and included trial testimony of the victims and a sexual assault nurse examiner. 
Appellant also testified, seeking to clarify some of his statements to police.
Â Â Â Â Â Â Â Â Â Â In the Anders brief supporting his motion to withdraw, appellantâs court-appointed
counsel analyzed the evidence adduced at trial. He certified that after reviewing the entire
record and conducting research he could find no reversible error and in his opinion the
appeal was frivolous. Counsel also filed with this court a copy of a letter to appellant
transmitting the motion to withdraw and the Anders brief and notifying appellant of the right
to file a pro se response. The letter also offered a copy of the record for appellant. See
Johnson v. State, 885 S.W.2d 641, 646-47 (Tex.App.âWaco 1994, pet. refused), modified
in part by Wilson v. State, 955 S.W.2d 693 (Tex.App.âWaco 1997, no pet.). This court
also has advised appellant by letter of his right to file a response to his attorneyâs Anders
brief. Appellant did not file a pro se response.
Â Â Â Â Â Â Â Â Â Â When court-appointed counsel files a motion to withdraw and a brief in which he
concludes no arguable grounds for appeal exist, we review the record and make an
independent determination. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400 (the appellate
court, and not counsel, after full examination of the record, determines whether the case
is âwholly frivolousâ); accord Bledsoe v. State, 178 S.W.3d 824, 826 (Tex.Crim.App. 2005);
Mitchell v. State, 193 S.W.3d 153, 155 (Tex.App.âHouston [1st Dist.] 2006, no pet.). If,
from our review of the record, we find arguable grounds for appeal, we will abate the
appeal, remand the case to the trial court, and allow withdrawal of court-appointed counsel.
Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. If we determine from our
independent review of the entire record that the appeal is wholly frivolous, we may affirm
the trial courtâs judgment by issuing an opinion explaining that we reviewed the record and
found no arguable grounds for appeal. Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193
S.W.3d at 156. An appellant may challenge a court of appealâs finding of no arguable
grounds for appeal by a petition for discretionary review filed in the Court of Criminal
Appeals. Bledsoe, 178 S.W.3d at 827 & n.6; Mitchell, 193 S.W.3d at 156.
Â Â Â Â Â Â Â Â Â Â After reviewing counselâs Anders brief, we conducted our own review of the entire
record. We find no arguable grounds for appeal. Accordingly, the motion of appellantâs
counsel to withdraw is granted


 and the judgments are affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. CampbellÂ 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice





Do not publish.




eaks of according the respondent or potential ward the opportunity to receive prior notice of the hearing,
legal representation, opportunity to present evidence and confront witnesses, and the opportunity to close
the proceedings. Tex. Prob. Code Ann. §875(f)(1) (Vernon Supp. 2001). In creating this distinct
interlocutory procedure the legislature said nothing of affording third-parties over whom a temporary guardian
was being appointed opportunity to appear and dispute the application. And, while we do not hold that such
third-parties cannot intervene, Kuhler's addressing that issue was imperative since one of the opposing
parties argued in its brief that he had no such right.