Opinion issued October 29, 2009














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-0873-CR
____________

KEVIN RICARDO DORSEY, Appellant

V.

THE STATE OF TEXAS, Appellee








On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 988310








MEMORANDUM OPINION 
Appellant, Kevin Ricardo Dorsey, was indicted for the first-degree offense
of aggravated assault on a “household member.”


 On April 11, 2005, appellant
pleaded guilty, before the trial court, to the second-degree offense of aggravated
assault,


 the State having dropped the “household member” language. There was
no agreed recommendation on punishment. The trial court made no finding of
guilt at that hearing, and the case was recessed for the completion of a pre-sentence
investigation report. The case resumed on July 27, 2005. After hearing testimony
and receiving evidence from both the State and the defense, the trial court found
appellant guilty of the offense of aggravated assault, made an affirmative deadly
weapon finding, and assessed appellant’s punishment at fifteen years incarceration. 
No timely motion for new trial or notice of appeal was filed. Appellant filed
a post-conviction petition for writ of habeas corpus, seeking to pursue an appeal,
and the Texas Court of Criminal Appeals ultimately granted appellant an out-of-time appeal, finding that appellant was deprived of his meaningful right to direct
appeal through no fault of either counsel or appellant.


 On October 8, 2005,
appellant filed a notice of appeal. He did not file a motion for new trial. We
affirm.
Appellant’s attorney on appeal has filed an Anders brief stating that, in her
professional opinion, the record does not contain any arguable grounds for appeal
and that any appeal would, therefore, lack merit. See Anders v. California, 386
U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The brief meets the requirements of
Anders by presenting a professional evaluation of the record and detailing why
there are no arguable grounds for reversal. Id. at 744, 87 S. Ct. at 1400. 
Appellant’s counsel has, in accordance with Anders procedures, filed a motion to
withdraw. Counsel represents that she has served a copy of the brief to appellant
and advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
Appellant filed a pro se response, however, it did not raise any issues of law. 
When this Court receives an Anders brief, we evaluate the appeal by
conducting an independent review of the entire record. Anders, 386 U.S. at 744, 87
S. Ct. at 1400; Mitchell v. State, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st
Dist.] 2006, no pet.). Our responsibility is not “to review the merits of each claim
raised” but simply to “determine whether there are any arguable grounds” upon
which counsel could ethically base an appeal. Bledsoe v. State, 178 S.W.3d 824,
827 (Tex. Crim. App. 2005). An arguable ground for appeal is a ground that is not
frivolous; it must be an argument that could “conceivably persuade the court.” In
re Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting McCoy
v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 108 S. Ct. 1895, 1901
(1988)). If after reviewing the entire record, we conclude that an appeal would be
frivolous, we may affirm the trial court by issuing an opinion in which we explain
that we found no arguable grounds upon which to base an appeal. See Bledsoe,
178 S.W.3d at 826–28. 
In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at 1400, and
Bledsoe, 178 S.W.3d at 826–27, we have reviewed the entire record, counsel’s
Anders brief, and appellant’s pro se response. We conclude that no arguable
ground for reversible error exists. Having reached that conclusion, we affirm the
lower court and grant appellant’s appointed counsel’s motion to withdraw.


 
Conclusion
We affirm the judgment of the trial court and grant counsel’s motion to
withdraw.



                                                             Jim Sharp
                                                             Justice
 
Panel consists of Justices Jennings, Higley, and Sharp.
Do not publish. Tex. R. App. P. 47.2(b).