NO. 07-08-0454-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
 FEBRUARY 25, 2010
 
 _________________________
 
 JAMES MICHAEL FIELDS, APPELLANT
 
 V. 
 
 THE STATE OF TEXAS, APPELLEE
 
 _________________________
 
 FROM THE 242[ND] DISTRICT COURT OF HALE COUNTY; 
 
 NO. B17234-0705; HONORABLE ED SELF, JUDGE
 
 ___________________________
 
Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 MEMORANDUM OPINION
 
 
A jury convicted appellant, James Michael Fields, of two counts of aggravated sexual assault of a child.1 On each count, it sentenced him to sixty years in prison and a $10,000 fine. The sentences are concurrent. Appellant timely filed a notice of appeal. His court-appointed appellate counsel has filed a motion to withdraw from representation supported by an Anders2 brief. We grant counsel's motion to withdraw and affirm the judgments of the trial court.
 In the Anders brief supporting his motion to withdraw, appellant's court-appointed counsel analyzed the evidence adduced at trial. He advanced a potential legal and factual sufficiency issue but concluded after reviewing the entire record and conducting research the case presents no reversible error and in his opinion the appeal is frivolous. Attached to counsel's motion to withdraw was a copy of a letter from him to appellant transmitting the motion to withdraw and the Anders brief and notifying appellant of the right to file a pro se response. The letter also notified appellant how to obtain a copy of the record. See Johnson v. State, 885 S.W.2d 641, 646-47 (Tex.App. - Waco 1994, pet. refused), modified in part by Wilson v. State, 955 S.W.2d 693 (Tex.App. - Waco 1997, no pet.). This court also advised appellant by letter of his right to file a response to counsel's Anders brief. Appellant did not file a pro se response. 
 When court-appointed counsel files a motion to withdraw and a brief in which he concludes no arguable grounds for appeal exist, we review the entire record and make an independent determination. See Anders, 386 U.S. at 744, 87 S.Ct. at 1400 (the appellate court, and not counsel, after full examination of the record, determines whether the case is "wholly frivolous"); accord Bledsoe v. State, 178 S.W.3d 824, 826 (Tex.Crim.App. 2005); Mitchell v. State, 193 S.W.3d 153, 155 (Tex.App. - Houston [1st Dist.] 2006, no pet.). If, from our review of the entire record, we find arguable grounds for appeal, we will abate the appeal, remand the case to the trial court, and allow withdrawal of court-appointed counsel. Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. If we determine from our review of the entire record that the appeal is wholly frivolous, we may affirm the trial court's judgment by issuing an opinion explaining that we reviewed the record and found no arguable grounds for appeal. Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. An appellant may challenge a court of appeals' finding of no arguable grounds for appeal by a petition for discretionary review filed in the Court of Criminal Appeals. Bledsoe, 178 S.W.3d at 827 & n.6; Mitchell, 193 S.W.3d at 156.
 After reviewing counsel's Anders brief, we reviewed the entire record. We find no arguable grounds for appeal. Accordingly, the motion of appellant's counsel to withdraw is granted3 and the judgments are affirmed. 
 It is so ordered.

 James T. Campbell
 Justice

Do not publish.