**Opinion issued February 23, 2023**



In The

# Court of Appeals
### For The
# First District of Texas

---

## NO. 01-22-00506-CR

---

### JRAMARQUIS LAKEITH DEGRATE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 19th District Court
McLennan County, Texas[1]
Trial Court Cause No. 2018-685-C1**

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals from the Tenth District of Texas. TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

# MEMORANDUM OPINION

Appellant Jramarquis Lakeith Degrate pleaded guilty to the offense of possession of a controlled substance weighing less than one gram. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). The trial court deferred an adjudication of guilt and placed him under community supervision for three years. The State then filed a motion to revoke deferred adjudication.

At the hearing on the State's motion to revoke deferred adjudication, Degrate pleaded "true" to four of the allegations. The trial court found the allegations "true," adjudicated Degrate's guilt, and assessed punishment at 10 months' confinement with a $300 fine. This appeal followed.

On appeal, Degrate's appointed counsel filed a motion to withdraw and a brief stating that the record presents no reversible error, that the appeal is without merit, and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S.

at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has advised Degrate of his right to access the record and provided him with a form motion for access to the record. Counsel further advised Degrate of his right to file a pro se response to the *Anders* brief. Degrate has not done either.

We have independently reviewed the entire record in this appeal. After doing so, we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that the appeal is frivolous.[2] *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous).[3]

Accordingly, we affirm the trial court's judgment and grant counsel's motion to withdraw. Attorney Denton B. Lessman must immediately send Degrate the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

---

[2]     We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 824, 827 n.6. ((Tex. Crim. App. 2005)

[3]     *See also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish.  TEX. R. APP. P. 47.2(b).