Opinion issued October 8,
2009

 

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

__________

 

NO.   01-08-00906-CR

__________

 

ALTON D. BROWN, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1172773

 

 



MEMORANDUM OPINION 

Appellant,
Alton D. Brown, was indicted for the third–degree offense of possession of more
than one but less than four grams of a controlled substance[1]
(cocaine) with a habitual-felony-offender enhancement.[2]  Although there was no agreed recommendation
as to punishment, appellant pleaded guilty on October 10, 2008, and the State
abandoned the enhancement allegations. The trial court sentenced appellant to
confinement in prison for three years.  Appellant
filed an untimely motion for new trial on November 20, 2008, which the trial
court denied on December 5, 2008.  Appellant
filed a timely notice of appeal.  We
affirm. 

Appellant’s
counsel on appeal has filed a brief stating the record presents no reversible
error, that the appeal is without merit and frivolous, and that the appeal must
be dismissed or affirmed.  See Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967). 
The brief meets the requirements of Anders
by presenting a professional evaluation of the record and detailing why there
are no arguable grounds for reversal.  Id. at 744, 87 S. Ct. at 1400. 
Appellant’s counsel has, in accordance with Anders procedures, filed a motion to withdraw.  Counsel represents that he has served a copy
of the brief to the appellant.  Counsel
also advised appellant of his right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  Appellant filed a pro se response.  

When this Court receives an Anders brief, we evaluate the appeal by
conducting an independent review of the entire record.  Mitchell
v. State, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.); Anders, 386 U.S.
at 744, 87 S. Ct. at 1400.  Our responsibility is not “to review the
merits of each claim raised” but simply to “determine whether there are any
arguable grounds” upon which counsel could ethically base an appeal.  Bledsoe
v. State, 178 S.W.3d 824, 827 (Tex.
Crim. App. 2005).  An arguable ground for
appeal is a ground that is not frivolous; it must be an argument that could
“conceivably persuade the court.” In re
Schulman, 252 S.W.3d 403, 407 n. 12 (Tex. Crim. App 2008) (quoting McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S.
429, 108 S. Ct. 1895, 1901 (1988)).  If after reviewing the entire record, we
conclude that an appeal would be frivolous, we may affirm the trial court by
issuing an opinion in which we explain that we found no arguable grounds upon
which to base an appeal.  Bledsoe, 178 S.W.3d at 826, 828. 

In accordance with Anders, 386 U.S.
at 744–45, 87 S. Ct. at 1400, and Bledsoe, 178 SW.3d at 826–27, we have
reviewed the entire record, counsel’s Anders
brief, and appellant’s pro se response.
We conclude that no arguable ground for reversible error exists.  Having reached that conclusion, we affirm the
lower court and grant appellant’s appointed counsel’s motion to withdraw.[3] 

Conclusion

We affirm
the judgment of the trial court and grant counsel’s motion to withdraw.

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Jennings, Keyes,
and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]               Tex. Health & Safety Code Ann. §
481.115(a), (c) (Vernon 2003).

 





[2]               Tex. Penal Code Ann. § 12.42(d) (Vernon
Supp. 2008).





[3]               We
note that appellant’s appointed counsel still has a duty to inform appellant of
the result of this appeal and that appellant may, on his own, pursue
discretionary appeal in the Texas Court of Criminal Appeals.  See Ex
Parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).