Opinion issued
October 29, 2009

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

__________

 

NO.   01-09-00332-CR

NO.   01-09-00405-CR

NO.   01-09-00406-CR

__________

 

ANDREW STUBBLEFIELD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 258th District Court

Polk County, Texas[1]

Trial Court Cause No. 19,243

 

 



MEMORANDUM OPINION

Appellant, Andrew Stubblefield, was
indicted for four counts of aggravated robbery, charged in a single indictment.[2]
Pursuant to a plea bargain agreement, appellant pleaded guilty and the State
abandoned the fourth count and made an agreed punishment recommendation as to
the remaining counts.  The trial court followed the agreed punishment
recommendation, deferred adjudication of guilt on the remaining three counts, and
placed appellant on community supervision for ten years with a $3000 fine. 

Just over five months later, the
State filed a motion to adjudicate guilt, alleging that appellant had violated four
conditions of his community supervision.  The trial court sanctioned appellant
and continued him on community supervision.  Three months later, the State
filed a second motion to adjudicate guilt, alleging that appellant had violated
a condition of his supervision.  The trial court sanctioned appellant and
continued him on community supervision.  A year later, the State filed a third
motion to adjudicate guilt, alleging that appellant had violated six conditions
of his community supervision.  After a contested evidentiary hearing at which
appellant pleaded “not true” to the allegations that he had violated his
community supervision, the trial court found that all six allegations were true,
adjudicated appellant’s guilt on each of the three aggravated robbery charges,
and sentenced him to prison for 40 years on each conviction, with the sentences
running concurrently.  Appellant did not file a motion for new trial.  Appellant
filed a timely notice of appeal for his convictions.  We affirm. 

Appellant’s counsel on appeal has
filed a brief stating the record presents no reversible error, that the appeal
is without merit and frivolous, and that the appeal must be dismissed or
affirmed.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable
grounds for reversal.  Id. at 744, 87 S. Ct. at 1400.  Appellant’s
counsel has, in accordance with Anders procedures, filed a motion to
withdraw.  Id.  Counsel represents that he has served a copy of the
brief to the appellant.  Counsel also advised appellant of his right to examine
the appellate record and file a pro se response.  See Stafford v. State,
813 S.W.2d 503, 510 (Tex. Crim. App. 1991).  Appellant filed a pro se response. 


When this Court receives an Anders
brief, we evaluate the appeal by conducting an independent review of the entire
record.  Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Mitchell v.
State, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). 
Our responsibility is not “to review the merits of each claim raised” but
simply to “determine whether there are any arguable grounds” upon which counsel
could ethically base an appeal.  Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).  An arguable ground for appeal is a ground that is not
frivolous; it must be an argument that could “conceivably persuade the court.”  In
re Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting McCoy
v. Court of Appeals of Wis., Dist. 1, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)).  If after reviewing the entire record, we conclude that an
appeal would be frivolous, we may affirm the trial court by issuing an opinion
in which we explain that we found no arguable grounds upon which to base an
appeal.  Bledsoe, 178 S.W.3d at 826–28. 

In accordance with Anders, 386
 U.S. at 744–45, 87 S. Ct. at 1400, and Bledsoe, 178 S.W.3d at 826–27,
we have reviewed the entire record, counsel’s Anders brief, and
appellant’s pro se response. We conclude that no arguable ground for reversible
error exists.  Having reached that conclusion, we affirm the lower court and grant
appellant’s appointed counsel’s motion to withdraw.[3]





Conclusion

We affirm the judgment of the trial
court and grant counsel’s motion to withdraw.

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Jennings, Keyes,
and Sharp.

Do not publish.  Tex. R. App. P. 47.2(b).









[1]
              This case was transferred to this
Court from the Ninth Court of Appeals in Beaumont pursuant to an order issued
by the Supreme Court of Texas.  See Tex.
Gov’t Code Ann. § 73.001 (Vernon 2005). 

 





[2]
              Although alleged in a single
indictment, and memorialized in a single judgment, each separate count for
which appellant was convicted has been given its own appellate cause number.  





[3]
              We note that appellant’s appointed
counsel still has a duty to inform appellant of the result of this appeal and
that appellant may, on his own, pursue discretionary appeal in the Texas Court
of Criminal Appeals.  See Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).