Opinion issued August 19, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00208-CR

———————————

Billy Raibon, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 241st District Court

Smith County, Texas[1]



Trial Court Case No. 241-1170-08

 



 

MEMORANDUM OPINION

Appellant, Billy Raibon, pled guilty to the offense of aggravated assault
pursuant to a plea bargain.  The trial
court followed the agreed punishment recommendation, deferred adjudication of
guilt, and placed appellant on community supervision for ten years.   

About two
weeks later, the State filed a motion to adjudicate guilt, alleging that
appellant had violated a condition of his community supervision by using
cocaine.  Appellant pled not true to this
allegation.  The trial court heard
testimony from appellant and appellant’s community supervision officer, found
the allegation to be true, and revoked appellant’s community supervision and
sentenced appellant to fourteen years in prison.  Appellant did not file a motion for new trial.  Appellant filed a timely notice of
appeal.  We affirm. 

Appellant’s
counsel on appeal has filed a brief stating that the record presents no
reversible error, that the appeal is without merit and frivolous, and that the
appeal must be dismissed or affirmed.  See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967).  The brief meets the requirements of Anders by presenting a professional
evaluation of the record and detailing why there are no arguable grounds for
reversal.  Id. at 744, 87 S. Ct. at 1400. 
Appellant’s counsel has, in accordance with Anders procedures, filed a motion to withdraw.  Id.  Counsel represents that he has served a copy
of the brief to the appellant.  Counsel
also advised appellant of his right to examine the appellate record and file a pro
se response.  See Stafford v. State, 813 S.W.2d
503, 510 (Tex. Crim. App. 1991). 
Appellant filed a pro se response. 


When this Court receives an Anders brief, we evaluate the appeal by
conducting an independent review of the entire record.  Anders,
386 U.S. at 744, 87 S. Ct. at 1400; Mitchell
v. State, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no
pet.).  Our responsibility is to
“determine whether there are any arguable grounds” upon which counsel could
ethically base an appeal.  Bledsoe v. State, 178 S.W.3d 824, 827
(Tex. Crim. App. 2005).  An arguable
ground for appeal is a ground that is not frivolous; it must be an argument
that could “conceivably persuade the court.”  In re
Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (quoting McCoy v. Court of Appeals of Wis., Dist. 1, 486 U.S.
429, 436, 108 S. Ct. 1895, 1901 (1988)).  If after reviewing the entire record, we
conclude that an appeal would be frivolous, we may affirm the trial court by
issuing an opinion in which we explain that we found no arguable ground upon
which to base an appeal.  Bledsoe, 178 S.W.3d at 826–28. 

In accordance with Anders, 386 U.S. at 744–45, 87 S. Ct. at
1400, we have reviewed the entire record,[2]
counsel’s Anders brief, and
appellant’s pro se response.  We conclude
that no arguable ground for reversible error exists.  Having reached that conclusion, we affirm the
lower court’s judgment and grant appellant’s appointed counsel’s motion to
withdraw.[3]


PER CURIAM

Panel consists of Chief Justice Radack and Justices Bland and Sharp.

 

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          This case was transferred to
this Court from the Twelfth Court of Appeals in Tyler, pursuant to an order by
the Supreme Court of Texas.  Tex. Gov’t Code Ann. § 73.001 (Vernon
2005).

 





[2]
          The record on appeal does not contain
one exhibit admitted at trial—a
“chain-of-custody” sheet.  The court
reporter has informed this Court that he was unable to locate that
exhibit.  However, considering the
remaining portions of the record, it is apparent that review of the actual exhibit
would not alter our disposition of this case.





[3]
          We note that appellant’s appointed counsel still has a duty to inform
appellant of the result of this appeal and that appellant may, on his own,
pursue discretionary appeal in the Texas Court of Criminal Appeals.  See Ex
Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).