**Opinion issued June 22, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-09-00571-CR
NO. 01-09-00572-CR

———————————

**TODD LOREN WILLIAMSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1122219 and 1122220**

---

**MEMORANDUM OPINION**

Following a joint trial on two indictments, a jury found appellant, Todd Loren Williamson, guilty in each case of the offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a) (Vernon Supp. 2011). The trial court assessed punishment at confinement for 15 years in one cause[1] and confinement for 12 years in the other,[2] with the sentences to run concurrently. Appellant appealed from the judgment in each cause.

Appellant's appointed counsel in both appeals has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the trial court's judgment in each appeal.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id*. Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded. *Id*.

We may not grant the motion to withdraw until:

---

[1]      Trial court cause number 1122219 is appellate cause number 01-09-00571-CR.

[2]      Trial court cause number 1122220 is appellate cause number 01-09-00572-CR.

(1) the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se response within 30 days, and he has ensured that his client has, at some point, been informed of his right to file a pro se petition for discretionary review;

(2) the attorney has informed us that he has performed the above duties;

(3) the defendant has had time in which to file a pro se response; and

(4) we have reviewed the record, the *Anders* brief, and any pro se response.

*See id.* at 408–09. If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Here, counsel's brief reflects that she delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See Schulman*, 252 S.W.3d at 408. More than 30 days have passed, and appellant has not filed a pro se response. *See id.* at 409 n.23 (adopting 30-day period to file response).

Counsel indicates that she has reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87

S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner*, 300 S.W.3d at 767 (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. Although we may issue an opinion explaining why the appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[3] and affirm the trial court's judgment. Attorney Deborah Summers must immediately send the notice required

---

[3] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Sharp.

Do not publish.  TEX. R. APP. P. 47.2(b).