**Opinion issued June 28, 2012**



In The

# Court of Appeals

**For The**

# First District of Texas

———————

## NO. 01-11-00351-CR

———————

## ROBERT DAVID GOLDEN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1251479

## MEMORANDUM OPINION

Appellant, Robert David Golden, was indicted for capital murder. *See* TEX.

PENAL CODE ANN. §§ 19.02(b)(1) (Vernon 2011), 19.03(a)(2) (Vernon Supp. 2011).

A jury found appellant guilty and his punishment was assessed at life in prison

without parole. The trial court certified that this was not a plea bargain case and that appellant had the right to appeal. Appellant timely filed a notice of appeal.

Appellant's counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). We grant counsel's motion to withdraw and affirm the trial court's judgment.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal. *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). If an appointed attorney finds a case to be wholly frivolous, his obligation to his client is to seek leave to withdraw. *Id.* Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well founded. *Id.*

We may not grant the motion to withdraw until:

(1) the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a pro se brief within thirty days, and he has ensured that his client has, at some point, been informed of his right to file a pro se PDR;

(2) the attorney has informed us that he has performed the above duties;

(3) the defendant has had time in which to file a pro se response; and

2

(4)     we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09.  If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's judgment. *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Here, counsel's brief reflects that he delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a response. *See Schulman*, 252 S.W.3d at 408.  Appellant filed a pro se response arguing sixteen points of error, including that he was not adequately represented by counsel, that the evidence was insufficient to support his conviction, and that various evidentiary and procedural problems prohibited him from receiving a fair trial.

Counsel's brief meets the *Anders* requirements in that it presents a professional evaluation of the record.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel supplies us with references to the record and provides us with citation to legal authorities.  Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386

3

U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We have independently reviewed the entire record and appellant's pro se response, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that, therefore, the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell*, 193 S.W.3d at 155–56; *see also Garner*, 300 S.W.3d at 767 (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous). Although we may issue an opinion explaining why an appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[1] and affirm the trial court's judgment. Attorney Allen C. Isbell must immediately send the notice required by

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do not publish. TEX. R. APP. P. 47.2(b).