**Opinion issued March 18, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01123-CR

————————————

**MICHAEL KEITH COSLETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12CR0266**

---

### MEMORANDUM OPINION

A jury found appellant, Michael Keith Coslett, guilty of the offense of burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West 2011). The jury then found the allegation in an enhancement paragraph true and

sentenced him to 11 years in prison. *See* TEX. PENAL CODE ANN. § 12.32, 12.42(b) (West 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

After independently reviewing the entire record in this appeal, we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824,

2

826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[*] Attorney Steven Hershkowitz must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[*] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).