**Opinion issued July 17, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00650-CR**

————————————

**RICARDO ESTRADA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 67751**

---

**MEMORANDUM OPINION**

Appellant, Ricardo Estrada, pleaded guilty to a jury to three counts of the felony offense of aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West 2011). The jury assessed punishment and, in accordance with the jury's assessment, the trial court sentenced appellant as follows: (1) for

count one, appellant was sentenced to 10 years' imprisonment with the sentence suspended and appellant placed on community supervision for a period of 10 years; (2) for count two, appellant was sentenced to 7 years' imprisonment; and (3) for count three, appellant was sentenced to 13 years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.32 (West 2013) (first-degree felony punishable by imprisonment for term of life or not less than 5 years); TEX. PENAL CODE ANN. § 22.021(e) ("An offense under this section is a felony of the first degree."). The trial court further ordered that the sentences for counts two and three shall run consecutively, but the sentence for count one is to run concurrently with the sentences for counts two and three. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2011) (granting trial court authority to order sentences to run consecutively or concurrently); TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (West Supp. 2013) (authorizing consecutive sentences for aggravated sexual assault of child offenses under section 22.021 even if offenses arise out of same criminal episode). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record

and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

We independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Perry Stevens must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

4