**Opinion issued August 12, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00720-CR

———————————

**EDWIN ANDERSON RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1240582**

---

## MEMORANDUM OPINION

A jury convicted appellant, Edwin Anderson Rivera, of the offense of murder and assessed punishment at confinement for 40 years. *See* TEX. PENAL CODE ANN. § 19.02(b) (Vernon 2011). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief, stating that the record presents no reversible error and that, therefore, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record. *See id.*; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel discusses the evidence adduced at trial, supplies references to the record, and provides citation to legal authority. Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel's brief reflects that he delivered a copy of the brief and the appellate record to appellant, and informed him of his right to examine the appellate record and file a response. *See Schulman*, 252 S.W.3d at 408; *see also Kelly v. State*, No. PD–0702–13, --- S.W.3d ----, 2014 WL 2865901, at *3–4 (Tex. Crim. App. June 25, 2014).

We have independently reviewed counsel's brief and the entire record. We conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386

2

U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Don Cantrell must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).