**Opinion issued January 15, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00762-CR

————————————

**KHUTSANA KENYA DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1323141**

---

## MEMORANDUM OPINION

On October 13, 2011, appellant Khutsana Kenya Davis pleaded guilty to the state-jail felony offense of possession of less than one gram of cocaine, TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West. 2009), and she was placed on two years' deferred adjudication. On May 28, 2011, the State moved to

adjudicate, alleging that she had violated her terms of supervision. Specifically, the State alleged that appellant failed drug tests on three different occasions, failed to pay the required supervision fee, and failed to pay certain fines and court costs. Appellant pleaded "true" to these violations.

The trial court assessed appellant's punishment at 180 days' state-jail confinement. The trial court certified that this is not a plea-bargain case and that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he has forwarded a copy of the brief to appellant and informed her of her right to file a response. *See In re Schulman*, 252

S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has sent to appellant a copy of the form that can be used to request the record. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed a response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney J. Sidney Crowley must immediately send the notice required

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.

by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).