**Opinion issued July 9, 2015**



In The

# Court of Appeals

For The

# First District of Texas

——————————

**NO. 01-14-00079-CR**
**NO. 01-14-00080-CR**

——————————

**GONZALO MOLINA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1320267 & 1320268**

## MEMORANDUM OPINION

Appellant, Gonzalo Molina, was found guilty by a jury of two counts of the felony offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011). The trial court assessed punishment and sentenced appellant to eight years' imprisonment for each offense with the sentences running concurrently. *See*

TEX. PENAL CODE ANN. § 21.11(a)(1) (providing the elements for the offense of indecency with a child when the defendant "engages in sexual contact with the child or causes the child to engage in sexual contact"); § 21.11(d) ("An offense under Subsection (a)(1) is a felony of the second degree . . . ."); TEX. PENAL CODE ANN. § 12.33 (West 2013) (second-degree felony punishable by imprisonment for a term of 2 to 20 years). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant filed a pro se response asserting that he had ineffective assistance of counsel at trial, claiming that trial counsel "failed to investigate and produce work records of the appellant" and "failed to subpoena key witnesses, relatives of the alleged victim."

We independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Cheri Duncan must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).