**Opinion issued December 5, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00937-CR

———————————

**CARLANGE JOSEPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1676259**

---

## MEMORANDUM OPINION

Appellant Carlange Joseph was convicted of injury to a child, a third-degree felony. *See* TEX. PENAL CODE § 22.04(a)(3). After a bench trial, the trial court signed a judgment of conviction and sentenced Appellant to six years in the Correctional Institution Division of the Texas Department of Criminal Justice,

probated for five years. Although no fines were assessed, the trial court ordered Appellant to pay $290 in court costs and $790 in reimbursement fees. Appellant timely filed a notice of appeal.

Appellant's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error and requesting permission to withdraw from her representation of Appellant under *Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious substantive issues after an independent review of the record, we affirm the trial court's judgment as modified and grant counsel's motion to withdraw.

## Discussion

Counsel filed an *Anders* brief stating she has complied with all *Anders* requirements and requesting she be allowed to withdraw from her representation of Appellant. Counsel states her professional opinion that after reviewing the record, no arguable grounds for reversal exist and thus any appeal of the trial court's judgment and sentence would lack merit and be frivolous. *See id.* at 744. Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and explaining why, after careful review of the record, she is unable to advance any grounds of error warranting reversal. *See id.*; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006,

2

no pet.). The State waived its right to file a response and Appellant did not file a *pro se* brief in response to the *Anders* brief.[1]

In *Anders*, the United States Supreme Court held that "the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court— not with the attorney of record." *Garner v. State*, 300 S.W.3d 763, 765–66 (Tex. Crim. App. 2009). Thus, we must independently decide whether the present appeal raises any meritorious "arguable grounds" for review. *Id.* at 767. If we determine that arguable grounds for appeal exist, we must "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If, on the other hand, we conclude the appeal is frivolous, we may issue an opinion affirming the trial court's judgment and explaining that, after reviewing the record, we find no reversible error. *Id.* at 826–27. Appellant may challenge that holding by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *Id.* at 827 & n.6.

---

[1] Appellant's appointed counsel filed a Certification of Notification of Right to File Pro Se Response to Anders Brief indicating that she provided Appellant with a copy of counsel's motion to withdraw and of her brief; advised Appellant of her right to file a *pro se* response to the brief; and advised Appellant she had a right to review the trial court record and to prepare her own appellate brief. In addition, appointed counsel provided Appellant with the form required to obtain a free copy of the record and the address to which the form should be mailed.

After conducting an independent review of the record on appeal, we conclude there is no reversible error in the record, there are no arguable grounds for review, and the appeal from Appellant's conviction is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner*, 300 S.W.3d at 767 (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

We agree with Appellant's counsel, however, that there are errors in the trial court's judgment requiring modification. According to the bill of costs, the judgment requires Appellant to pay $290 in court costs, consisting of $185 in state court costs and $105 in local court costs. Appellant's counsel argues the judgment should be modified to reduce the assessed Consolidated Court Cost–State from $185 to $133 because the offense was committed prior to the legislative changes to Section 133.102 of the Local Government Code, which pertains to the imposition of court costs. Section 133.102 was amended effective January 1, 2020.[2] *See Rhodes v. State*, 676 S.W.3d 228, 232 (Tex. App.—Houston [14th Dist.] 2023, no

---

[2]   The version of Section 133.102 in effect when the offense was committed imposed court costs of $133, whereas the version that took effect on January 1, 2020, imposes court costs of $185. *See* TEX. LOCAL GOV'T CODE § 133.102(a)(1).

4

pet.) (modifying trial court's judgment in *Anders* case to reflect decrease of $52 in assessed court costs because offense was committed prior to effective date of change to Section 133.102). Appellant's counsel also argues the judgment should be modified to eliminate the $105 assessed for "Consolidated Court Cost–Local," which is assessed only for offenses committed on or after January 1, 2020. *See* TEX. LOC. GOV'T CODE § 134.101; *Rhodes*, 676 S.W.3d at 232–33 (modifying judgment to reflect elimination of "Consolidated Court Cost–Local" because offense occurred prior to January 1, 2020). We agree that both modifications are warranted.

Finally, Appellant's counsel requests that the judgment be modified to reflect the correct crime for which Appellant was convicted. She argues that the judgment inaccurately reflects a conviction of "Injury Child Under 15 B/Injury," but properly lists the offense as a third-degree felony. Counsel requests the judgment be modified "to eliminate the finding of serious bodily injury." To the extent the judgment indicates the conviction was for serious bodily injury to a child, we modify the judgment to reflect the conviction was for injury to a child, a third-degree felony. *See Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) ("[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error.").

## Conclusion

We modify the trial court's judgment to reflect Joseph was convicted of injury to a child, a third-degree felony, we delete the portion of the judgment assessing a fee of $105 for "Consolidated Court Cost–Local," and we modify the portion of the judgment assessing a fee of $185 for "Consolidated Court Cost–State" to reflect an assessment of $133.

We affirm the judgment of the trial court as modified and grant counsel's motion to withdraw.[3]  Court-appointed counsel Daucie Schindler must immediately send Appellant the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[3]  Appointed counsel still has a duty to inform Appellant of the result of this appeal and that she may, on her own, pursue discretionary review with the Texas Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).