**Opinion issued March 4, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00253-CR

————————————

**PERVIS C. COMEAUX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1734559**

---

## MEMORANDUM OPINION

Appellant Pervis C. Comeaux was convicted by a jury of indecency with a child, a second-degree felony. *See* TEX. PENAL CODE § 21.11(a)(1), (d). The trial court signed a judgment of conviction and sentenced Comeaux pursuant to the parties' agreement to fifteen years in the Correctional Institution Division of the

Texas Department of Criminal Justice. The trial court ordered Comeaux to pay a fine of $100, $290 in court costs, and $185 in reimbursement fees. Comeaux timely filed a notice of appeal.

Comeaux's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error and requesting permission to withdraw from his representation of Comeaux under *Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious substantive issues after an independent review of the record, we affirm the trial court's judgment and grant counsel's motion to withdraw.

## Discussion

Counsel filed an *Anders* brief stating he has complied with all *Anders* requirements and requesting he be allowed to withdraw from his representation of Comeaux. Counsel states his professional opinion that after reviewing the record, no arguable grounds for reversal exist and thus any appeal of the trial court's judgment and sentence would lack merit and be frivolous. *See id.* at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and explaining why, after careful review of the record, he is unable to advance any grounds of error warranting reversal. *See Anders*, 386 U.S. at 744; *Mitchell*, 193 S.W.3d at 155. The State waived its right

2

to file a response and Comeaux did not file a *pro se* brief in response to the *Anders* brief.[1]

In *Anders*, the United States Supreme Court held that "the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court— not with the attorney of record." *Garner v. State*, 300 S.W.3d 763, 765–66 (Tex. Crim. App. 2009). Thus, we must independently decide whether the present appeal raises any meritorious "arguable grounds" for review. *Id.* at 767. If we determine that arguable grounds for appeal exist, we must "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If, on the other hand, we conclude the appeal is frivolous, we may issue an opinion affirming the trial court's judgment and explaining that, after reviewing the record, we find no reversible error. *Id.* at 826–27. Appellant may challenge that holding by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *Id.* at 827 & n.6.

---

[1] Comeaux's appointed counsel attached to his motion to withdraw a letter he sent to Comeaux. The letter indicates counsel provided Comeaux with a copy of counsel's motion to withdraw and *Anders* brief; advised Comeaux of his right to file a *pro se* response to the brief; and advised Comeaux he had a right to review the trial court record at no cost. In addition, appointed counsel provided Comeaux with the form required to obtain a free copy of the record and the address to which the form should be mailed.

After conducting an independent review of the record on appeal, we conclude there is no reversible error in the record, there are no arguable grounds for review, and the appeal from Comeaux's conviction is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner*, 300 S.W.3d at 767 (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

## Conclusion

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] Court-appointed counsel Stanley G. Schneider must immediately send Comeaux the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Gunn.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform Comeaux of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).