**Opinion issued March 6, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00937-CR

———————————

**CARLANGE JOSEPH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1676259**

## EN BANC OPINION ON RECONSIDERATION

Appellee, the State of Texas, filed a motion for en banc reconsideration of our December 5, 2024 opinion and judgment. We grant the motion for en banc reconsideration, withdraw our prior opinion and judgment, and issue this opinion and judgment in their stead.

Appellant Carlange Joseph was convicted of injury to a child, a third-degree felony. *See* TEX. PENAL CODE § 22.04(a)(3). After a bench trial, the trial court signed a judgment of conviction and sentenced Appellant to six years in the Correctional Institution Division of the Texas Department of Criminal Justice, probated for five years. Although no fines were assessed, the trial court ordered Appellant to pay $290 in court costs and $790 in reimbursement fees. Appellant timely filed a notice of appeal.

Appellant's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error and requesting permission to withdraw from her representation of Appellant under *Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious substantive issues after an independent review of the record, we affirm the trial court's judgment as modified and grant counsel's motion to withdraw.

### Discussion

Counsel filed an *Anders* brief stating she has complied with all *Anders* requirements and requesting she be allowed to withdraw from her representation of Appellant. Counsel states her professional opinion that after reviewing the record, no arguable grounds for reversal exist and thus any appeal of the trial court's judgment and sentence would lack merit and be frivolous. *See id.* at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

2

Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and explaining why, after careful review of the record, she is unable to advance any grounds of error warranting reversal. *See Anders*, 386 U.S. at 744; *Mitchell*, 193 S.W.3d at 155. The State waived its right to file a response and Appellant did not file a *pro se* brief in response to the *Anders* brief.[1]

In *Anders*, the United States Supreme Court held that "the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court— not with the attorney of record." *Garner v. State*, 300 S.W.3d 763, 765–66 (Tex. Crim. App. 2009). Thus, we must independently decide whether the present appeal raises any meritorious "arguable grounds" for review. *Id.* at 767. If we determine that arguable grounds for appeal exist, we must "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If, on the other hand, we conclude the appeal is frivolous, we may issue an opinion affirming the trial court's judgment and explaining that, after reviewing the record, we find no

---

[1] Appellant's appointed counsel filed a Certification of Notification of Right to File Pro Se Response to *Anders* Brief indicating she provided Appellant with a copy of counsel's motion to withdraw and *Anders* brief; advised Appellant of her right to file a *pro se* response to the brief; and advised Appellant she had a right to review the trial court record and to prepare her own appellate brief. In addition, appointed counsel provided Appellant with the form required to obtain a free copy of the record and the address to which the form should be mailed.

3

reversible error.  *Id.* at 826–27.  An appellant may challenge that holding by filing a petition for discretionary review with the Texas Court of Criminal Appeals.  *Id.* at 827 & n.6.

After conducting an independent review of the record on appeal, we conclude there is no reversible error in the record, there are no arguable grounds for review, and the appeal from Appellant's conviction is frivolous.  *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner*, 300 S.W.3d at 767 (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

**Appellant's Other Arguments**

In her *Anders* brief, appointed counsel stated she had "found non-reversible error in the trial court's judgment regarding the assessment of certain court costs." She requested that the trial court's judgment be modified to (1) reflect the imposition of $133 for Consolidated Court Cost-State, instead of $185, the amount assessed, and (2) delete the imposition of $105 in Consolidated Court Cost-Local. She argued that while the current version of Section 133.102(a)(1) of the Texas Local Government Code ("Cost Act") authorizes the imposition of a $185

4

consolidated court cost fee for persons convicted of a felony, the statute applies "only to a cost, fee, or fine on conviction for an offense committed on or after" the effective date of the act, which was January 1, 2020. *See* TEX. LOC. GOV'T CODE § 133.102(a)(1). Because Appellant committed the offense on November 8, 2019, prior to the effective date of the legislative changes to the Cost Act, she argued the former version of the Cost Act applied and thus the trial court could impose only a $133 consolidated court cost.[2] *See* Act of June 16, 2003, 78th Leg., R.S., ch. 209 § 62(a), 2003 Tex. Gen. Laws 979, 996 (former TEX. LOC. GOV'T CODE § 133.102(a)(1)). Counsel also requested that the imposition of $105 for Consolidated Court Cost-Local under Section 134.101 of the Texas Local Government Code be deleted because that cost was added by amendment in 2019 and applies only to offenses committed on or after January 1, 2020. *See* TEX. LOC. GOV'T CODE § 134.101; *see also* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 3985 at § 1.05, 4035–36 at § 5.01.

The Court of Criminal Appeals recently construed the "transition and effective date" clause of the Cost Act in *Bradshaw v. State*, No. PD-0577-23, ——— S.W.3d ———, 2024 WL 5148476 (Tex. Crim. App. Dec. 18, 2024). As Appellant's

---

[2] In 2019, the Cost Act increased the amount of state consolidated court costs on a felony conviction from $133 to $185. *See* TEX. LOC. GOV'T CODE § 133.102(a)(1) (providing persons convicted of felony shall pay $185 as court cost); *see also* Act of June 16, 2003, 78th Leg., R.S., ch. 209 § 62(a), 2003 Tex. Gen. Laws 979, 996 (former TEX. LOC. GOV'T CODE § 133.102(a)(1)) (providing person convicted of felony shall pay $133 as court cost).

counsel did here, the appellant in *Bradshaw* argued that the $185 consolidated court cost reflected in his bill of costs should be reduced from $185 "to the 'old' amount of $133" because the offense for which he was convicted was committed prior to the January 1, 2020 effective date of the Cost Act, and thus the older version of the Cost Act applied. *Id.* at *1. The Court of Criminal Appeals disagreed. Reconciling the language in Section 51.608 of the Texas Government Code ("Imposition of Court Costs in Criminal Proceedings")[3] with the enabling language of the Cost Act,[4] the court held that "based on the plain reading of the statute," Section 51.608 trumps the transition and effective date clause of the Cost Act. *Id.* at *4. Because Section 51.608 states that "the amount of court costs must

---

[3]    Section 51.608 of the Government Code provides:

> Notwithstanding any other law that establishes the amount of a court cost collected by the clerk of a district, county, or statutory county court from a defendant in a criminal proceeding based on the law in effect on the date the offense was committed, the amount of the court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense.

TEX. GOV'T CODE § 51.608.

[4]    Regarding its effective date of January 1, 2020, the Cost Act provides:

> Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.

Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 4035–36 at § 5.01.

6

be based on the law 'in effect' on the *date of conviction*," the court held that "anyone who committed an offense before 1/1/2020 but is convicted after 1/1/2020, such as Appellant, is subject to the current version of the Cost Act." *Id.* (Emphasis in original.)[5]

The offense at issue in this case was committed on November 8, 2019, but Appellant was convicted on December 11, 2023. Given the court's opinion in *Bradshaw,* Appellant is subject to the version of the Cost Act in effect at the time of her conviction, which imposes a $185 state consolidated court cost for a felony. The trial court thus properly imposed the $185 fee.

Similarly, we hold the trial court properly imposed a $105 consolidated court cost under Section 134.101 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE § 134.101(a). Although the court in *Bradshaw* did not expressly address consolidated court costs under Section 134.101, the consolidated court cost under Section 134.101 was added by amendment in 2019, in the same act that amended the Cost Act. Section 134.101 thus has the same enabling statute the court construed in *Bradshaw* under the Cost Act and consequently, the same result ensues. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 3985 at § 1.05, 4035–36 at § 5.01; *see also Bradshaw*, 2024 WL 5148476, at *4–5.

---

[5]    *Bradshaw* was decided after Appellant's counsel filed her *Anders* brief and after a panel of this Court issued the December 5, 2024 opinion and judgment in this case.

Finally, Appellant's counsel requests that the judgment be modified to reflect the correct crime for which Appellant was convicted. She argues that the judgment inaccurately reflects a conviction of "Injury Child Under 15 B/Injury," but properly lists the offense as a third-degree felony. Counsel requests the judgment be modified "to eliminate the finding of serious bodily injury." To the extent the judgment indicates the conviction was for serious bodily injury to a child, we modify the judgment to reflect the conviction was for injury to a child, a third-degree felony. *See Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) ("[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error.").

## Conclusion

We modify the trial court's judgment to reflect Appellant was convicted of injury to a child, a third-degree felony. We affirm the judgment of the trial court in all other respects and grant counsel's motion to withdraw.[6] Court-appointed counsel Daucie Schindler must immediately send Appellant the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[6] Appointed counsel still has a duty to inform Appellant of the result of this appeal and that she may, on her own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

## PER CURIAM

The en banc court consists of Chief Justice Adams and Justices Rivas-Molloy, Guerra, Gunn, Caughey, Guiney, Johnson, and Dokupil.[7]

Justice Morgan did not participate.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[7] The Honorable Peter Kelly and Sarah Beth Landau, former Justices of this Court, were members of the Panel when the case was submitted and participated in the decision of the case. Their terms of office expired on December 31, 2024, and they did not participate in the decision on this motion.