**Opinion issued August 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-01010-CR

————————————

**URICK HENRY HOWELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 179th District Court
Harris County, Texas
Trial Court Case No. 1569103

## MEMORANDUM OPINION

Appellant Urick Henry Howell was indicted for murder. *See* TEX. PENAL

CODE § 19.02. In accordance with Howell's plea-bargain agreement with the State,

Howell pled guilty to the second-degree felony of manslaughter. *See id.* § 19.04.

The trial court found sufficient evidence to find him guilty but deferred making

any finding regarding his guilt and placed him on community supervision for a period of six years. *See* TEX. CODE CRIM. PROC. art. 42A.101(a), 42A.104(a).

The State subsequently filed a motion to adjudicate Howell's guilt alleging he violated the terms of his community supervision. *See id.* art. 42A.108. Howell pled true to the violations. After a hearing, the trial court adjudicated Howell guilty and sentenced him to fifteen years in prison. Howell timely filed a notice of appeal.

Howell's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error and requesting permission to withdraw from her representation of Howell under *Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious substantive issues after an independent review of the record, we affirm the trial court's judgment and grant counsel's motion to withdraw.

## Discussion

Counsel filed an *Anders* brief stating she has complied with all *Anders* requirements and requesting she be allowed to withdraw from her representation of Howell. Counsel states her professional opinion that after reviewing the record, no arguable grounds for reversal exist and thus any appeal of the trial court's judgment and sentence would lack merit and be frivolous. *See id.* at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and explaining why, after careful review of the record, she is unable to advance any grounds of error warranting reversal. *See Anders*, 386 U.S. at 744; *Mitchell*, 193 S.W.3d at 155. The State waived its right to file a response and Howell did not file a *pro se* brief in response to the *Anders* brief.[1]

In *Anders*, the United States Supreme Court held that "the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court— not with the attorney of record." *Garner v. State*, 300 S.W.3d 763, 765–66 (Tex. Crim. App. 2009). Thus, we must independently decide whether the present appeal raises any meritorious "arguable grounds" for review. *Id.* at 767. If we determine that arguable grounds for appeal exist, we must "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If, on the other hand, we conclude the appeal is frivolous, we may issue an opinion affirming the trial court's judgment and explaining that, after reviewing the record, we find no

---

[1] Counsel states in her brief that she provided Howell with copies of the motion to withdraw and the *Anders* brief. She states she advised Howell of his right to file a *pro se* response to the brief and to review the trial court record at no cost, and that she provided Howell with the form required to obtain a free copy of the record and this Court's mailing address. In addition, she states she advised Howell of his right to file a petition for discretionary review in the Court of Criminal Appeals should he fail to obtain relief from this Court.

reversible error. *Id.* at 826–27. Howell may challenge that holding by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *Id.* at 827 & n.6.

After conducting an independent review of the record on appeal, we agree with counsel that there is no reversible error in the record, there are no arguable grounds for review, and the appeal from Howell's conviction is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner*, 300 S.W.3d at 767 (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 826–27 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

**Conclusion**

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(a).[2] Court-appointed counsel Jessica Akins must immediately send Howell the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See id.* 6.5(c).

---

[2] Appointed counsel still has a duty to inform Howell of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

4

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).